Per curiam.

The evidence was not sufficient, under the circumstances of the case, and ought not to have been admitted after the dissolution of the partnership, to charge tho concern. At any rate the books of account ought to have been *184 produced in evidence, or else their non-production satisfactorily accounted for.
Note. After the partnership dissolved, the acknowledgment of one of the partners was held sufficient to take the demand out of the statute of limitations. 6 Johns. 207. Smith v. Ludlow. See Dong. 652. 2 H. Bl, Rep. 340. An admission of one partner after the dissolution of the partnership, concerning a joint contract, made during the partnership, was allowed in evidence to charge the co-partners jointly. 1 Taunt. 103. Wood v. Braddick.
[Colcock, J,
This action was brought to recover the value of certain goods said to have been sold and delivered by- the plaintiff to the defendants, and the evidence offered to support it was the declaration of one of the co-partners, who had become insolvent; which declaration was made, too, a long time after the dissolution of the co-partnership. It was contended on behalf of the defendants, or rather the only one who was said to be solvent, that if the books of original entry of the plaintiff were produced and examined, it would appear that the goods were delivered to another .person j and generally, that the evidence was insufficient to prove the sale and delivery. It must be supposed that the jury thought that the acknowledgment of one co-partner would as effectually bind the firm as that of an individual would bind himself; but in this they were misinformed, for it is clear, that after tho dissolution of a co-partnership, no act could be done by one which would bind the rest, unless under special circumstances: much less can,the vague, loose declaration of one co-partner be permitted to operate against the rest; but no reasen has been given for this attempt. . From the general rules of evidence in such cases, the books of original entry should have been produced, or evidence of the delivery of the goods. I am of opinion a new trial should be granted.]
New trial granted.